```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

UNITED STATES OF AMERICA

VS.                                   CRIMINAL NO. 5:02-cr-7(DCB)

SIMON K. ATKINS

<u>ORDER</u>

This cause is before the Court on the defendant Simon K. Atkins' motion to clarify sentence **(docket entry 30)**.  Having carefully reviewed the motion, the attached exhibits, and the record in this case, the Court finds as follows:

Atkins was sentenced by this Court on December 3, 2002, for possession of a firearm by a convicted felon, to a term of eighty-eight (88) months imprisonment, with no statement as to whether the sentence would run concurrently or consecutively with other sentences.  On April 14, 2005, the Court ordered that the term of imprisonment shall run concurrently with the term of imprisonment the defendant served, or is serving, with the Mississippi Department of Corrections, Cause No. 010224CRV in the Circuit Court of Warren County, Mississippi.

Atkins is incarcerated at the Federal Correctional Institute in Bennettsville, South Carolina.  On April 19, 2006, he filed a Request for Administrative Remedy with FCI Bennettsville, requesting credit for jail time served.  The Warden denied Atkins' request, and notified him of his right to appeal to the Bureau of

Prisons. Response to Request for Administrative Remedy 411159-F1, May 10, 2006. Instead, Atkins filed the present motion with this Court. Although he styles his motion "Motion Order Clarifying Sentence," he requests review of the FCI Bennettsville decision "not granting my full computation for time served with the Mississippi Department of Correction[s]." Motion Order Clarifying Sentence, p. 1.

This Court is without jurisdiction to hear Atkins' motion. Since he is challenging the execution of his sentence rather than its validity, his claim is cognizable under 18 U.S.C. § 2241, and can only be raised in a habeas corpus proceeding before the district court that has jurisdiction over his custodian. See United States v. Gabor, 905 F.2d 76, 78 (5th Cir. 1990)("a motion for credit of time calls for the computation of the service of a legally rendered sentence and is not directed toward the sentence itself so as to be cognizable only under 28 U.S.C. § 2255"). Because Atkins is housed at FCI Bennettsville, South Carolina, he must bring his § 2241 petition in the United States District Court for the District of South Carolina, Greenville Division. Furthermore, administrative review of a challenge to the Bureau of Prisons' computation of Atkins' sentence is available, and he has not shown that he has exhausted these administrative remedies. Accordingly,

IT IS HEREBY ORDERED that the defendant's motion to clarify

2

sentence **(docket entry 30)**, which the Court construes as a motion for habeas corpus relief pursuant to 28 U.S.C. § 2241, is DENIED WITHOUT PREJUDICE to his refiling his claim through an appropriate § 2241 motion in the United States District Court for the District of South Carolina, Greenville Division, and with a showing that Atkins has exhausted his administrative remedies through the Bureau of Prisons.

    SO ORDERED, this the 31st day of October, 2006.

                                                S/DAVID BRAMLETTE
                                                UNITED STATES DISTRICT JUDGE